**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **NEW RADIO IP LLC,** | |
| *Plaintiff,* | |
| v. | Civil Action No. 2:26-cv-297 |
| **TCL CORPORATION,** | JURY TRIAL DEMANDED |
| *Defendant.* | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff New Radio IP LLC ("New Radio IP") files this Complaint against Defendant TCL Corporation ("TCL" or "Defendant") and states as follows:

**NATURE OF THE CASE**

1.      Since the advent of cellular networks, telecommunications companies have consistently sought ways to improve the performance and reliability of those networks. To advance this technology, they formed an industry standard-setting consortium known as the 3rd Generation Partnership Project ("3GPP") in 1998. 3GPP began developing cellular standards, starting with the third-generation cellular network standard. Most recently, 3GPP developed the fifth-generation technology standard for cellular networks ("5G Standard"). The 5G Standard is the newest telecommunications standard for cellular networks and is currently being implemented around the world.

2.      Companies began deploying networks that implemented the 5G Standard in 2019. 5G networks provide greater bandwidth and higher download speeds over their predecessor 4G networks, among other advancements. Because of these benefits, cellular phones, tablets, and other devices compatible with 5G networks have seen increased

performance, including the ability to support new applications, and download and stream large files.

3.      To lawfully implement the 5G Standard, companies must license all underlying patented technology. Thus, the European Technological Standards Institute ("ETSI") requires that standard essential patent ("SEP") holders disclose their patents and the specific standards to which they are essential. Under the ETSI Intellectual Property Rights Policy, SEP holders must be "prepared to grant irrevocable licences [sic] on fair, reasonable and non-discriminatory ("FRAND") terms," and members must "adequately and fairly reward[]" SEP holders "for the use of their [SEPs] in the implementation of" the 5G Standard.[1]   New Radio IP LLC is committed to offering licenses based on FRAND terms.

4.      New Radio IP LLC is an intellectual property company that owns patents on core technologies related to the 5G Standard—including the patents asserted here—that provide core aspects of the 5G Standard. These technological breakthroughs helped deliver on the 5G Standard's promise of increased bandwidth and lowered latency. New Radio IP's technology is necessary to practice the 5G Standard. And New Radio IP declared several of its patents essential to the 5G Standard, including the patents New Radio IP asserts here.

5.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.

**PARTIES**

6.      New Radio IP is a limited liability company organized and existing under the laws of the State of Texas.

7.      Defendant TCL is a corporation organized and existing under the laws of China, with an established place of business at Block B, 18/F, TCL Tower, Gaoxin Nanyi Road,

---

[1] ETSI Rules of Procedure, Annex 6: ETSI Intellectual Property Rights Policy, 29-30 November 2022, https://www.etsi.org/images/files/IPR/etsi-ipr-policy.pdf (last visited July 5, 2023) ("ETSI IP Rights Policy"), §§ 3.2, 6.1.

Nanshan District, Shenzhen, Guangdong 518057, China. On information and belief, TCL manufactures, imports, sells for importation, offers for sale, and/or sells within the United States the TCL Accused Instrumentalities. Specifically, TCL provides and makes available for sale wireless telecommunications equipment, including smartphones and mobile devices.

## JURISDICTION AND VENUE

8. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction of such action under 28 U.S.C. §§ 1331 and 1338(a).

9. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction, pursuant to due process and the Texas Long-Arm Statute, due at least to its business in this forum, including at least a portion of the infringements alleged herein.

10. Without limitation, on information and belief, within this state, Defendant has used the patented inventions thereby committing, and continuing to commit, acts of patent infringement alleged herein. In addition, on information and belief, Defendant has derived revenues from its infringing acts occurring within Texas. Further, on information and belief, Defendant is subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and services provided to persons or entities in Texas. Further, on information and belief, Defendant is subject to the Court's personal jurisdiction at least due to its sale of Instrumentalities and/or services within Texas. Defendant has committed such purposeful acts and/or transactions in Texas such that it reasonably should know and expect that it could be haled into this Court as a consequence of such activity.

11. On information and belief, the TCL products accused in this Complaint are and have been sold in physical Best Buy retail stores located within the State of Texas and the

Eastern District of Texas, for example, at 5514 S Broadway Ave, Tyler, TX 75703; 4210 St Michael Dr, Texarkana, TX 75503; and 422 W Loop 281 STE 100, Longview, TX 75605.

12.     In addition, or in the alternative, this Court has personal jurisdiction over Defendants pursuant to Fed. R. Civ. P. 4(k)(2).

13.     Venue is proper in this district under 28 U.S.C. § 1400(b). On information and belief, from and within this District Defendant has committed at least a portion of the infringements at issue in this case.

14.     Venue is proper in this District under 28 U.S.C. § 1391(c) because Defendant is a foreign corporation. In addition, Defendant has committed acts of patent infringement in this District, and Plaintiff has suffered harm in this District.

15.     For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. § 1400(b).

## THE ASSERTED PATENTS

16.     On March 24, 2020, U.S. Patent Number 10,602,429 (the "'429 Patent"), entitled "Access Control in New Radio IP," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '429 Patent is attached as Exhibit A to this Complaint.

17.     The '429 Patent claims patent-eligible subject matter and is valid and enforceable.

18.     New Radio IP is the owner of all rights, title, and interest in and to the '429 Patent including the right to sue for and collect past, present, and future damages and to seek and obtain injunctive or any other relief for infringement of the '429 Patent.

19.     On January 19, 2021, U.S. Patent Number 10,897,708 (the "'708 Patent"), entitled "Mobility Management for RRC_Inactive User Equipment," was duly and legally

issued by the United States Patent and Trademark Office. A true and correct copy of the '708 Patent is attached as Exhibit B to this Complaint.

20.     The '708 Patent claims patent-eligible subject matter and is valid and enforceable.

21.     New Radio IP is the owner of all rights, title, and interest in and to the '708 Patent including the right to sue for and collect past, present, and future damages and to seek and obtain injunctive or any other relief for infringement of the '708 Patent.

22.     On February 2, 2021, U.S. Patent Number 10,911,943 (the "'943 Patent"), entitled "Method and Apparatus for System Information Delivery," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '943 Patent is attached as Exhibit C to this Complaint.

23.     The '943 Patent claims patent-eligible subject matter and is valid and enforceable.

24.     New Radio IP is the owner of all rights, title, and interest in and to the '943 Patent including the right to sue for and collect past, present, and future damages and to seek and obtain injunctive or any other relief for infringement of the '943 Patent.

25.     On June 1, 2021, U.S. Patent Number 11,026,121 (the "'121 Patent"), entitled "Wireless Communication Method and System for Network Slicing," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '121 Patent is attached as Exhibit D to this Complaint.

26.     The '121 Patent claims patent-eligible subject matter and is valid and enforceable.

27.     New Radio IP is the owner of all rights, title, and interest in and to the '121 Patent including the right to sue for and collect past, present, and future damages and to seek and obtain injunctive or any other relief for infringement of the '121 Patent.

28.     On June 29, 2021, U.S. Patent Number 11,050,610 (the "'610 Patent"), entitled "Reporting master node radio link failure," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '610 Patent is attached as Exhibit E to this Complaint.

29.     The '610 Patent claims patent-eligible subject matter and is valid and enforceable.

30.     New Radio IP is the owner of all rights, title, and interest in and to the '610 Patent including the right to sue for and collect past, present, and future damages and to seek and obtain injunctive or any other relief for infringement of the '610 Patent.

31.     On November 23, 2021, U.S. Patent Number 11,184,909 (the "'909 Patent"), entitled "Method and apparatus for handling overlapping PUSCH durations," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '909 Patent is attached as Exhibit F to this Complaint.

32.     The '909 Patent claims patent-eligible subject matter and is valid and enforceable.

33.     New Radio IP is the owner of all rights, title, and interest in and to the '909 Patent including the right to sue for and collect past, present, and future damages and to seek and obtain injunctive or any other relief for infringement of the '909 Patent.

34.     On March 1, 2022, U.S. Patent Number 11,265,915 (the "'915 Patent"), entitled "Methods and Devices for Adaptive Scheduling Request Procedure," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '915 Patent is attached as Exhibit G to this Complaint.

35.     The '915 Patent claims patent-eligible subject matter and is valid and enforceable.

36.    New Radio IP is the owner of all rights, title, and interest in and to the '915 Patent including the right to sue for and collect past, present, and future damages and to seek and obtain injunctive or any other relief for infringement of the '915 Patent.

37.    On March 3, 2022, U.S. Patent Number 11,272,561 (the "'561 Patent"), entitled "Method and apparatuses for beam failure recovery," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '561 Patent is attached as Exhibit H to this Complaint.

38.    The '561 Patent claims patent-eligible subject matter and is valid and enforceable.

39.    New Radio IP is the owner of all rights, title, and interest in and to the '561 Patent including the right to sue for and collect past, present, and future damages and to seek and obtain injunctive or any other relief for infringement of the '561 Patent.

40.    New Radio IP provided notice of the Asserted Patents to Defendant in May of 2024.  Defendant did not respond to requests for FRAND licensing discussions.

## THE ACCUSED PRODUCTS

41.    Upon information and belief, TCL makes, uses, sells, and offers for sale products that implement and support the 5G Standard. The Accused Products include, but are not limited to, the *TCL 5G Devices:* TCL 60 XE NXTPAPER 5G, TCL 50 XL NXTPAPER 5G, TCL 50 XE NXTPAPER 5G, TCL 50 XL 5G, TCL 50 XE 5G, TCL 40 X 5G, TCL 40 XE 5G, TCL K33 5G, TCL K32 5G, TCL STYLUS 5G, TCL 30 5G, TCL 30 V 5G, TCL 30 XE 5G, TCL 20 Pro 5G, TCL 20 A 5G, TCL TAB Pro 5G, TCL TAB 10 5G, and all other TCL 5G devices that implement and support the 5G Standard.

42.    Upon information and belief, the Accused Products implement and support the 5G Standard, including but not limited to 3GPP TS 38.321 TSGR RAN 5G NR Medium Access Control (MAC) Protocol Specification.

## COUNT I: INFRINGEMENT OF THE '429 PATENT

43.     New Radio IP hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

44.     TCL directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe at least claim 1 of the '429 Patent pursuant to 35 U.S.C. § 271(a) by making, using, selling, or offering to sell, and/or importing in the United States, the Accused Products.  As shown in Exhibit 1, attached hereto, the Accused Products meet each and every limitation of claim 1 of the '429 Patent.

45.     New Radio IP has incurred and will continue to incur substantial damages, including monetary damages.

46.     New Radio IP has been and continues to be irreparably harmed by Defendant's infringement of the '429 Patent.

47.     Therefore, New Radio IP is entitled to an injunction, actual and/or compensatory damages, reasonable royalties, pre-judgment and post-judgment interest, enhanced damages, and costs.

## COUNT II: INFRINGEMENT OF THE '708 PATENT

48.     New Radio IP hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

49.     TCL directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe at least claim 1 of the '708 Patent pursuant to 35 U.S.C. § 271(a) by making, using, selling, or offering to sell, and/or importing in the United States, the Accused Products. As shown in Exhibit 2, attached hereto, the Accused Products meet each and every limitation of claim 1 of the '708 Patent.

50.     New Radio IP has incurred and will continue to incur substantial damages, including monetary damages.

51. New Radio IP has been and continues to be irreparably harmed by Defendant's infringement of the '708 Patent.

52. Therefore, New Radio IP is entitled to an injunction, actual and/or compensatory damages, reasonable royalties, pre-judgment and post-judgment interest, enhanced damages, and costs.

### COUNT III: INFRINGEMENT OF THE '943 PATENT

53. New Radio IP hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

54. TCL directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe at least claim 1 of the '943 Patent pursuant to 35 U.S.C. § 271(a) by making, using, selling, or offering to sell, and/or importing in the United States, the Accused Products. As shown in Exhibit 3, attached hereto, the Accused Products meet each and every limitation of claim 1 of the '943 Patent.

55. New Radio IP has incurred and will continue to incur substantial damages, including monetary damages.

56. New Radio IP has been and continues to be irreparably harmed by Defendant's infringement of the '943 Patent.

57. Therefore, New Radio IP is entitled to an injunction, actual and/or compensatory damages, reasonable royalties, pre-judgment and post-judgment interest, enhanced damages, and costs.

### COUNT IV: INFRINGEMENT OF THE '121 PATENT

58. New Radio IP hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

59. TCL directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe at least claim 1 of the '121 Patent

pursuant to 35 U.S.C. § 271(a) by making, using, selling, or offering to sell, and/or importing in the United States, the Accused Products. As shown in Exhibit 4, attached hereto, the Accused Products meet each and every limitation of claim 1 of the '121 Patent.

60. New Radio IP has incurred and will continue to incur substantial damages, including monetary damages.

61. New Radio IP has been and continues to be irreparably harmed by Defendant's infringement of the '121 Patent.

62. Therefore, New Radio IP is entitled to an injunction, actual and/or compensatory damages, reasonable royalties, pre-judgment and post-judgment interest, enhanced damages, and costs.

### COUNT V: INFRINGEMENT OF THE '610 PATENT

63. New Radio IP hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

64. TCL directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe at least claim 1 of the '610 Patent pursuant to 35 U.S.C. § 271(a) by making, using, selling, or offering to sell, and/or importing in the United States, the Accused Products. As shown in Exhibit 5, attached hereto, the Accused Products meet each and every limitation of claim 1 of the '610 Patent.

65. New Radio IP has incurred and will continue to incur substantial damages, including monetary damages.

66. New Radio IP has been and continues to be irreparably harmed by Defendant's infringement of the '610 Patent.

67. Therefore, New Radio IP is entitled to an injunction, actual and/or compensatory damages, reasonable royalties, pre-judgment and post-judgment interest, enhanced damages, and costs.

## COUNT VI: INFRINGEMENT OF THE '909 PATENT

68.    New Radio IP hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

69.    TCL directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe at least claim 8 of the '909 Patent pursuant to 35 U.S.C. § 271(a) by making, using, selling, or offering to sell, and/or importing in the United States, the Accused Products.  As shown in Exhibit 6, attached hereto, the Accused Products meet each and every limitation of claim 8 of the '909 Patent.

70.    New Radio IP has incurred and will continue to incur substantial damages, including monetary damages.

71.    New Radio IP has been and continues to be irreparably harmed by Defendant's infringement of the '909 Patent.

72.    Therefore, New Radio IP is entitled to an injunction, actual and/or compensatory damages, reasonable royalties, pre-judgment and post-judgment interest, enhanced damages, and costs.

## COUNT VII: INFRINGEMENT OF THE '915 PATENT

73.    New Radio IP hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

74.    TCL directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe at least claim 1 of the '915 Patent pursuant to 35 U.S.C. § 271(a) by making, using, selling, or offering to sell, and/or importing in the United States, the Accused Products.  As shown in Exhibit 7, attached hereto, the Accused Products meet each and every limitation of claim 1 of the '915 Patent.

75.    New Radio IP has incurred and will continue to incur substantial damages, including monetary damages.

76.     New Radio IP has been and continues to be irreparably harmed by Defendant's infringement of the '915 Patent.

77.     Therefore, New Radio IP is entitled to an injunction, actual and/or compensatory damages, reasonable royalties, pre-judgment and post-judgment interest, enhanced damages, and costs.

### COUNT VIII: INFRINGEMENT OF THE '561 PATENT

78.     New Radio IP hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

79.     TCL directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe at least claim 6 of the '561 Patent pursuant to 35 U.S.C. § 271(a) by making, using, selling, or offering to sell, and/or importing in the United States, the Accused Products.  As shown in Exhibit 8, attached hereto, the Accused Products meet each and every limitation of claim 6 of the '561 Patent.

80.     New Radio IP has incurred and will continue to incur substantial damages, including monetary damages.

81.     New Radio IP has been and continues to be irreparably harmed by Defendant's infringement of the '561 Patent.

82.     Therefore, New Radio IP is entitled to an injunction, actual and/or compensatory damages, reasonable royalties, pre-judgment and post-judgment interest, enhanced damages, and costs.

### COUNT IX: INDIRECT INFRINGEMENT

83.     TCL has and continues to indirectly infringe one or more claims of the Asserted Patents by knowingly and intentionally inducing others, including TCL customers, resellers, distributors, retailers, and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as the Accused Products.

84.     TCL has and continues to indirectly infringe one or more claims of the Asserted Patents by contributing to direct infringement by others, including TCL customers, resellers, distributors, retailers, and end-users, by providing the Accused Products, which are especially made or adapted to infringe the Asserted Patents, and which are not staple articles or commodities of commerce suitable for substantial non-infringing use.

## COUNT X: BREACH OF CONTRACT

85.     Upon information and belief, TCL is, and at all applicable times has been, an ETSI member. As an ETSI member, TCL must comply with the ETSI Intellectual Property Rights ("IP Rights") Policy.

86.     Clause 3.2 of the ETSI IP Rights Policy requires that members fairly reward IP Rights holders for the use of their intellectual property in ETSI standards:

> [IP Rights] holders whether members of ETSI and their AFFILIATES or third parties, should be adequately and fairly rewarded for the use of their [IP Rights] in the implementation of STANDARDS and TECHNICAL SPECIFICATIONS.

87.     This obligation applies equally to all SEP holders, regardless of their status as an ETSI member, affiliate, or third party. Therefore, under the ETSI IP Rights Policy, TCL must adequately and fairly reward New Radio IP, which is a third-party SEP holder and the current owner of the entire right, title, and interest in the Asserted Patents.

88.     New Radio IP is an intended beneficiary entitled to enforce TCL's obligation to ETSI under Clause 3.2 of the ETSI IP Rights Policy.

89.     TCL repeatedly demonstrated its unwillingness to adequately and fairly reward New Radio IP for use of the Asserted Patents. Since New Radio IP first offered to begin FRAND negotiations on May 7, 2024. New Radio IP followed up on June 6, 2024 and June 13, 2024.  TCL rejected or failed to respond to New Radio IP's offers.

90.     TCL breached its obligation to ETSI to adequately and fairly reward SEP holders when it refused to negotiate with New Radio IP in good faith towards an adequate and

fair royalty. And TCL breached its obligation when it refused to license the Asserted Patents, which are essential under the 3GPP 5G Standard, at the FRAND rates New Radio IP proposed.

91.    TCL further breached its obligation when it refused to engage in FRAND negotiations with New Radio IP.

92.    Through its breach, TCL has harmed New Radio IP by denying it an adequate and fair reward for TCL's use of the Asserted Patents. Furthermore, New Radio IP must now bear unnecessary additional expense to resolve the issue.

## COUNT XI: BREACH OF OBLIGATION TO NEGOTIATE IN GOOD FAITH

93.    The ETSI IP Rights Policy and ETSI IP Rights Licensing Declaration forms are governed by French law.[2]

94.    Once New Radio IP initiated negotiations, French law obligated TCL to negotiate with them in good faith.

95.    TCL breached its obligation to negotiate in good faith by, among other things, by ignoring New Radio IP's invitation for FRAND licensing discussions, despite TCL's written commitment to discuss a FRAND license with New Radio IP. For example, by failing to respond to New Radio IP.

96.    Taken together, TCL's behavior demonstrates a lack of willingness to enter into a FRAND license with New Radio IP for the Accused Patents.

97.    TCL's refusal to take a FRAND license or negotiate in good faith deprived New Radio IP of royalties and resulted in substantial commercial benefit to TCL, through at least the sale of TCL's 5G devices. In addition, TCL's refusal to take a FRAND license or negotiate in good faith has led New Radio IP to expend the additional time and resources that it spent negotiating in good faith.

---

[2] ETSI IP Rights Policy, § 12, Appendix A.1.

98.    As a remedy for TCL's breach, New Radio IP seeks compensation for its aforementioned losses and requests a declaratory judgment that TCL has repudiated and forfeited any rights associated with New Radio IP's ETSI FRAND commitment.

## COUNT XII: DECLARATORY JUDGMENT THAT TCL IS AN UNWILLING LICENSEE

99.    An entity which implements the 5G Standard must negotiate fairly and reasonably for underlying SEPs. If it does not, the entity becomes an unwilling licensee and is thus not entitled to the benefits of SEP holders' FRAND commitments.[3]

100.    TCL is an unwilling licensee, as demonstrated by its refusing to negotiate in good faith with New Radio IP, providing a non-FRAND counteroffer, refusing to respond to New Radio IP's FRAND-related correspondence, and rejecting New Radio IP's FRAND offers. As such, TCL has repudiated, rejected, and/or forfeited any rights associated with New Radio IP's ETSI FRAND commitment.

101.    Accordingly, New Radio IP seeks a declaration that TCL is an unwilling licensee not entitled to the benefits of New Radio IP's ETSI FRAND commitment, including the right to assert itself as a third-party beneficiary of the ETSI FRAND commitment.

### PRAYER FOR RELIEF

WHEREFORE, New Radio IP requests that a judgment be entered in favor of New Radio IP and against TCL, and that New Radio IP be granted the following relief:

(i)    A finding that TCL has directly infringed one or more claims of the '429 Patent, either literally and/or under the doctrine of equivalents;

(ii)    A finding that TCL has directly infringed one or more claims of the '708 Patent, either literally and/or under the doctrine of equivalents;

---

[3] *See Apple Inc. v. Qualcomm Inc.*, No. 3:17-CV-00108, 2017 WL 3966944, at *10 (S.D. Cal. Sept. 7, 2017) ("[I]f Apple wishes to enforce Qualcomm's commitment to ETSI it must demonstrate that it was a willing licensee and, therefore, a proper third-party beneficiary."); *Unwired Planet Int'l v. Huawei Techs.* [2017] EWHC (Pat) 711, [160] (UK).

(iii)    A finding that TCL has directly infringed one or more claims of the '943 Patent, either literally and/or under the doctrine of equivalents;

(iv)    A finding that TCL has directly infringed one or more claims of the '121 Patent, either literally and/or under the doctrine of equivalents;

(v)    A finding that TCL has directly infringed one or more claims of the '610 Patent, either literally and/or under the doctrine of equivalents;

(vi)    A finding that TCL has directly infringed one or more claims of the '909 Patent, either literally and/or under the doctrine of equivalents;

(vii)    A finding that TCL has directly infringed one or more claims of the '915 Patent, either literally and/or under the doctrine of equivalents;

(viii)    A finding that TCL has directly infringed one or more claims of the '561 Patent, either literally and/or under the doctrine of equivalents;

(ix)    A declaration that TCL has willfully infringed the Asserted Patents;

(x)    An award to New Radio IP of such damages as New Radio IP proves against TCL for TCL's breach of contract and breach of its duty to negotiate in good faith;

(xi)    A declaration that TCL has repudiated, rejected, and/or forfeited any rights associated with New Radio IP's ETSI FRAND commitment, including the right to assert itself as a third-party beneficiary;

(xii)    An award of damages sufficient to compensate New Radio IP for TCL's infringement of the Asserted Patents pursuant to 35 U.S.C. § 284;

(xiii)    An award of prejudgment and post-judgment interest pursuant to 35 U.S.C. § 284;

(xiv)    A payment of ongoing royalties in an amount to be determined for any continued infringement after the date that judgment is entered;

(xv)    Treble damages for willful infringement as permitted under 35 U.S.C. § 284;

(xvi)    An award of attorneys' fees incurred in prosecuting this action, on the basis that this is an exceptional case as provided by 35 U.S.C. § 285;

(xvii)    An order enjoining TCL, its officers, subsidiaries, agents, servants, and employees, and all persons in active concert with any of the foregoing from further infringement of the Asserted Patents for their remaining life; and

(xviii)    Such other and further relief as this Court shall deem appropriate.

## JURY DEMAND

New Radio IP demands a trial by jury of any and all issues triable of right before a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: April 14, 2026

Respectfully submitted,

By: */s/ Stevenson Moore*
Neal G. Massand
Texas Bar No. 24039038
nmassand@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com
Nicholas Najera
Texas Bar No. 24127049
nnajera@nilawfirm.com
NI, WANG & MASSAND, PLLC
8140 Walnut Hill Ln., Ste. 615
Dallas, TX 75251
Tel: (972) 331-4600
Fax: (972) 314-0900
*Counsel for Plaintiff New Radio IP LLC*